IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| MICHAEL McCOWN, | ) |
| Plaintiff, | ) |
| vs. | ) No. |
| NEXANT, INC., | ) JURY DEMAND |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff, by and through counsel, and alleges the following in his cause of action against Defendant for violation of the ADEA.

1. Plaintiff, Michael McCown, resides in Wilson County, Tennessee.

2. Defendant, Nexant, Inc., is located in Davidson County, Tennessee, with its Principal place of business at 555 Marriott Drive, Suite 200, Nashville, Tennessee 37214. It can be served through its registered agent, CT Corporation System, 800 S. Gay St., Suite 2021, Knoxville, TN 37929-9710.

### JURISDICTION AND VENUE

3. This action is brought under the ADEA.

4. This Court has jurisdiction under 28 U.S.C. 1331 to hear Plaintiff's claims arising under the Constitution and laws of the United States.

5. This Court has jurisdiction under 28 U.S.C. 1343(4) to hear Plaintiff's claims to recover damages and to secure equitable relief under any Act of Congress providing for the protection of civil rights.

6. This Court has supplemental jurisdiction over all state law claims alleged in this complaint under 28 U.S.C. 1367 as there is a common nucleus of operative facts between state and federal law claims.

7. Venue is appropriate in the Middle District of Tennessee under 28 U.S.C. 1391(b)(2) as this is the judicial district in which a substantial part of the events or omissions giving rise to this claim occurred.

**GENERAL FACTUAL ALLEGATIONS**

8. Plaintiff was a male employee of Nexant, Inc., hired on March 21, 2011.

9. Plaintiff's date of birth is June 14, 1952.

10. Plaintiff was hired as a Senior Project Engineer. Nexant, Inc. hired Plaintiff to assist in increasing their business dealings with Tennessee Valley Authority direct-connect customers, their end user customers, and two other customers of Tennessee Valley Authority. Initially, Plaintiff began working to prepare the Scott Tissue project.

11. Plaintiff came to Nexant Inc., with over thirty years experience in the energy conservation industry. Plaintiff was qualified for the position he was hired to perform for Nexant, Inc.

12. Plaintiff was performing the job duties and responsibilities he was hired to perform with Nexant, Inc., and had not received any complaints about his performance.

13. In or about July of 2011, Plaintiff's supervisor began treating him differently than he had in the past. Plaintiff's supervisor ceased speaking to him and ceased giving him project work to perform. This decrease in work assignments negatively affected Nexant, Inc.'s evaluation of Plaintiff's job performance.

2

14. In addition, Plaintiff began being isolated from other employees which made it more difficult to perform his duties. In or about October 2011, Plaintiff was demoted and replaced by a younger worker. Plaintiff was as qualified as his younger replacement to perform the job duties for which he was hired.

15. Subsequent to his demotion, Plaintiff began being harassed by his younger replacement who was his supervisor at the time. Plaintiff complained about this treatment by his supervisor and was terminated in or about January 2012. Plaintiff had not been informed of any complaints from customers of Nexant Inc., and had not been given any direction, support, or guidance in the performance of his job duties.

16. Plaintiff's demotion and termination was motivated by his age and/or complaints of treatment by his supervisors.

17. Plaintiff filed his EEOC Charge and was issued his Right to Sue letter.

## COUNT ONE

### Violations of the Age Discrimination in Employment Act

18. The conduct described herein constitutes unlawful discriminatory practices on the part of Defendant in violation of the Age Discrimination in Employment Act.

19. Defendant is a person as defined by the Age Discrimination in Employment Act.

20. Defendant did segregate or classify Plaintiff based upon his age in a way that would tend to deprive him of employment opportunities or otherwise adversely affect his status as an employee.

21. Defendant's termination of Plaintiff and treating him less favorably than his

younger counterparts resulted from a knowing and intentional pattern of discrimination in violation of the Age Discrimination in Employment Act.

22. As a direct and proximate result of Defendant's violation of the Age Discrimination in Employment Act, Plaintiff has suffered and continues to suffer distress, humiliation, embarrassment, emotional pain and other damages.

**WHEREFORE**, Plaintiff prays:

1. For a jury to be empaneled and a judgment of compensatory damages to include front pay, back pay and emotional suffering;
2. Punitive damages;
3. Attorney's fees and the cost of litigation to include expert fees;
4. All other remedies and injunctions as are necessary and proper to eliminate the discriminatory practices of Defendant;
5. A judgment against Defendant for prejudgment interest; and
6. Such other relief as this Court deems proper.

Respectfully submitted;

ANDY L. ALLMAN & ASSOCIATES

_____
Andy L. Allman, BPR No. 17857
103 Bluegrass Commons Blvd.
Hendersonville, TN 37075
Phone: (615) 824-3761
Facsimile: (615) 264-2720
andy@andylallman.com

4